IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------X
TRADEMARK OWNER IDENTIFIED IN :
EXHIBIT A
          Plaintiff,   :  Case No. 1:23-CV-17192
           :
    -against-   :  **COMPLAINT**

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS   :
IDENTIFIED ON SCHEDULE A,
          Defendants.   :
---------------------------------X

      Plaintiff TRADEMARK OWNER IDENTIFIEDD IN EXHIBIT A, (hereinafter "Plaintiff"), by its undersigned attorneys, hereby brings the present action for counterfeiting, trademark infringement, and unfair competition against the Partnerships, and Unincorporated Associations identified on **SCHEDULE A** hereto (collectively, "Defendants") and alleges as follows:[1]

### I. JURISDICTION AND VENUE

    1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants

---

[1] EXHIBIT A. EXHIBIT B and SCHEDULE A are filed as Sealed Exhibit A, Sealed Exhibit B and Sealed Schedule A.

directly targets business activities toward consumers in the United States, including in State of Illinois and this District, through at least the fully interactive e-commerce stores operating under the seller aliases and e-commerce stores' URLs identified in **Schedule A** (the "Seller Aliases"). Specifically, Defendants #1-3 identified in Schedule A made sales to this judicial district on November 26, 2023 (see **EXHIBIT B**). Moreover, Defendants have targeted sales to residents in this District and elsewhere in State of Illinois State by organizing and operating e-commerce stores on Amazon.com that target United States consumers using one or more Seller Aliases, offering shipping to the United States, including to purchasers in State of Illinois, accepting payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademark ("Plaintiff's Trademark") to residents of State of Illinois. Each of the Defendants is committing tortious acts in the State of Illinois. Alternatively, Defendants are subject to personal jurisdiction of this Court under Rule 4(k)(2) for their violations of the federal trademark laws.

## II. INTRODUCTION

2. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed counterfeit products and using infringing versions of Plaintiff's Trademark (the "Infringing and Counterfeit Products"). Defendants created e-commerce stores operating under one or more Seller Alias that are advertising, offering for sale, and selling Infringing and Counterfeit Products to unaware consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship among them and that of Defendants' operation arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more

Seller Aliases to conceal both their identities and the full scope and interworking of their infringement activities. Plaintiff must file this action to combat Defendants' sale of Infringing and Counterfeit Products infringement of Plaintiff's Trademark and to protect unknowing consumers from purchasing Infringing and Counterfeit Products over the Internet. Plaintiff has been and continues to be irreparably damaged through lost sales, consumer confusion, dilution, and tarnishment of its valuable trademark because of Defendants' actions. Plaintiff seeks injunctive and monetary relief.

### III. THE PARTIES

3. Plaintiff is a Wyoming corporation having a place of business at Cheyenne, Wyoming.

4. Plaintiff is engaged in creating, designing, and sales of children's educational toys, games, products, and entertainment properties under the Plaintiff's Trademark. Examples of items sold by Defendants in Chicago, Illinois, are shown in Exhibit B.

5. Plaintiff owns the entire right, title, and interest to the Plaintiff's Trademark, which is duly registered with the United States Patent and Trademark Office.

6. The federal registration and assignment of the Plaintiff's Trademark is conclusive evidence of Plaintiff's ownership of the trademark, and that the trademark is valid and enforceable. True and complete copies of the United States Patent and Trademark Office Trademark Registration Certificate for the Plaintiff's Trademark and its assignment to Plaintiff are attached hereto as **Exhibit A**.

7. Defendants are individuals and business entities of unknown makeup who own Fand/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on **Schedule A** and other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

8. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in **Schedule A** attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

9. Plaintiff has identified many fully interactive e-commerce stores offering Infringing and Counterfeit Products on online marketplace platforms such as Amazon.com, including the e-commerce stores operating under Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States.

10. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to routinely use false or inaccurate names and addresses when registering with these e-commerce platforms.

11. Defendants have targeted sales to Illinois residents in this District and elsewhere by organizing and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offering shipping to the United States, including the State of Illinois, accepting payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Infringing and Counterfeit Products to residents of Illinois. (See Exhibit B).

12. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, such as Visa, Mastercard, American Express, or Discover, as well as PayPal, ApplePay, GooglePay, PingPong Global Solutions, and Pioneer. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the Plaintiff's Trademark, and none of the Defendants is authorized to use the Plaintiff's Trademark.

13. Many Defendants also deceive unknowing consumers by using the Plaintiff's Trademark without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for genuine Plaintiff's Trademark. Other e-commerce stores operating under the Seller Aliases omit using the Plaintiff's Trademark in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Products under the Plaintiff's Trademark.

14. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to an e-commerce platform such as Amazon to prevent discovery of their true identities and the scope of their e-commerce operation.

15. E-commerce store operators such as Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing and Counterfeit Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

16. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate under or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar, misspellings, and/or the use of the same text and images. Additionally, Infringing and Counterfeit Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Infringing and Counterfeit Products may have been manufactured by or come from a common source and that Defendants may be interrelated.

17. On information and belief, E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms in

China and through websites such as sellerdefense.cn regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

18. Upon information and belief, Defendants are working in active concert with one another to manufacture knowingly and willfully, import, distribute, offer for sale, and sell Infringing and Counterfeit Products in the same transaction, occurrence, or series of transactions. Plaintiff, on information and belief, have jointly and severally, knowingly, and willfully used and continue to use the Plaintiff's Trademark in connection with the advertisement, distribution, offering for sale, and sale of Infringing and Counterfeit Products into the United States and into Illinois over the Internet.

19. Defendants' unauthorized use of the Plaintiff's Trademark in connection with the advertising, distribution, offer for sale, and sale of Infringing and Counterfeit Products into the United States, including Illinois and this District, is likely to cause and has caused considerable financial and reputational damage to Plaintiff.

**COUNT I. TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114**

20. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

21. This is a trademark counterfeiting action against Defendants based on their unauthorized use in commerce of imitations or copies of the federally registered Plaintiff's Trademark in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit goods. The Plaintiff's Trademark is a highly distinctive mark, with a degree of consumer recognition.

22. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of Products under Plaintiff's Trademark without Plaintiff's permission.

23. Plaintiff is the exclusive owner of the Plaintiff's Trademark, which is in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the Plaintiff's Trademark and are intentionally using counterfeit versions of the Plaintiff's Trademark. Defendants' willful, intentional, and unauthorized use of the Plaintiff's Trademark on Counterfeit Products is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the consuming public.

24. Defendants' activities constitute willful trademark counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. If Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Plaintiff's Trademark.

26. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products as alleged herein, and all gains, profits, and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonably attorneys' fees and costs.

## COUNT II. TRADEMARK INFRINGEMENT OF A REGISTERED
TRADEMARK UNDER 15 U.S.C. § 1114

27. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

28. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of imitations of the federally registered Plaintiff's Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Plaintiff's Trademark is a highly distinctive mark, with a degree of consumer recognition.

29. Plaintiff is the exclusive owner of the Plaintiff's Trademark (**Exhibit A**), which is in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the Plaintiff's Trademark and are willfully infringing the Plaintiff's Trademark. Defendants' willful, intentional, and unauthorized use of the Plaintiff's Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the consuming public.

30. Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. If Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Plaintiff's Trademark.

32. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' unlawful and infringing actions as alleged herein, and all gains, profits, and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. § 1116, 1117, and 1118, and reasonably attorneys' fees and costs.

**COUNT III. FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

33. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

34. Defendants' promotion, marketing, offering for sale, and sale of Infringing and Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the consuming public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing and Counterfeit Products by Plaintiff.

35. By using the Plaintiff's Trademark in connection with the Infringing and Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing and Counterfeit Products.

36. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing and Counterfeit Products to the consuming public involves the use of counterfeit and infringing marks and is a willful violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125.

37. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the brand under Plaintiff's Trademark.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

     1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

     a.     using the Plaintiff's Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is a genuine Product under the Plaintiff's Trademark or is authorized by Plaintiff to be sold in connection with the Plaintiff's Trademark;

     b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine Product under Plaintiff's Trademark or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Trademark;

     c.     committing any acts calculated to cause consumers to believe that Defendants' Infringing and Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

     d.     further infringing the Plaintiff's Trademark and damaging Plaintiff's goodwill; and

     e.     manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's Trademark, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Trademark;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Plaintiff's Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of up to $2,000,000 for every use of the Plaintiff's Trademark;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) That the Court award all other relief that this Court deems just and proper.

Dated: December 31, 2023       Respectfully submitted,

/s/Lance Liu
Robert D. Katz, Esq.
katzr@kitchanlaw.com
Lance Y. Liu, Esq.
lanceliu2006@gmail.com
Law Offices of Albert Wai-Kit Chan, PLLC
141-07 20th Avenue
Whitestone, NY 11357
(718) 799-1000
Attorneys for Plaintiff